UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER McARTHUR,<br>        Plaintiff,<br><br>        v.<br><br>NUR MARKET,<br>        Defendant. | No. 3:20-cv-1000 (SRU) |

### ORDER OF DISMISSAL

Alexander McArthur ("McArthur"), proceeding *pro se*, brings this action against Nur Market, principally alleging that a store clerk "overpriced" him and therefore stole from him. *See* Compl., Doc. No. 1. For the following reasons, the complaint is **dismissed**.

**I.    Allegations**

McArthur brings suit against Nur Market, located at 545 Ferry St., New Haven, Connecticut 06513. Compl., Doc. No. 1, at 1. The complaint principally contends that a store clerk at Nur Market "cheated" and "stole from" McArthur by charging him more than the "original prices" on merchandise. *Id.* at 2. McArthur asserts that the store clerk's conduct violated (1) "Title VII"; (2) 35-45-2-1; (3) "codes 3617"; (4) "customer's rights"; (5) "18 U.S. Code Chapter 31"; and (6) "§ 656 theft larceny." *Id.*

**II.   Standard of Review**

Under 28 U.S.C. § 1915(a), a district court may authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Under section 1915(e)(2)(B), however, a court must dismiss an action filed *in forma pauperis* "at any time" if it

determines that "the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." When a plaintiff proceeds *pro se*, the court must construe the pleadings liberally and avoid the "harsh application of technical rules" that could lead to the "inadvertent forfeiture of important rights" merely because a litigant does not have the benefit of representation. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III.  Discussion

A case must be "dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In addition, the Court must dismiss claims when the factual allegations do not "raise a right to relief above the speculative level," and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555 (internal quotation marks omitted).

I must dismiss this complaint, because McArthur does not state a federal claim and this Court lacks jurisdiction over this case.

*First*, there is no basis for diversity jurisdiction. A district court will only have diversity jurisdiction in a civil action between citizens of different states and where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the pleadings provide no information regarding the defendant's citizenship, but I may take judicial notice of the facts that both McArthur and Nur Market are citizens of

Connecticut. Fed. R. Evid. 201. McArthur has previously pleaded in this Court that he is a resident of New Haven, Connecticut. *McArthur v. Property Mgmt., et al.*, Dkt. No. 3:20-cv-1007, Doc. No. 1. Nur Grocery Inc. is a business incorporated in Connecticut at the address 545 Ferry St., New Haven, Connecticut 06513. Therefore, I infer (1) that the correct defendant in this proceeding is Nur Grocery Inc. and (2) that the proper defendant is also a citizen of Connecticut.[1] *See* 28 U.S.C. § 1332(c)(1). Because both the plaintiff and defendant in this proceeding are citizens of the same state, the parties are not completely diverse. *Id.* As a result, this Court lacks jurisdiction on the basis of diversity.

*Second*, because McArthur fails to state a cognizable federal claim, there is no basis for federal question jurisdiction. Under Title 28, section 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule set forth in *Louisville & Nashville R. Co. v. Mottley*, a suit generally "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." 211 U.S. 149, 152 (1908). Because McArthur's federal claims fail scrutiny, and his other causes of action arise under state law, McArthur's complaint does not provide a basis to establish federal question jurisdiction.

In Count One, McArthur claims that the defendant violated "Title VII Civil Rights Act." Doc. No. 1, at 2. Title VII is inapposite, because McArthur has not alleged that he has an employment relationship with the defendant. Accordingly, he has failed to state a cognizable

---

[1] *State of Conn. Sec'y of State,* Business Inquiry: Nur Grocery Inc., https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=XQ%2FVzBIln%2BDIkQCp3Y01w7DGsg7v4OYrlfkIqGCy%2B4A%3D; *see also Varricchio v. Chalecki*, 2016 WL 5422046, at *4 (D. Conn. Sept. 28, 2016), *aff'd*, 701 F. App'x 65 (2d Cir. 2017) (taking judicial notice of a business record on the Secretary of State's website).

Title VII claim. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973) ("The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens.").

Liberally construing the Complaint, I interpret that McArthur attempts to state a claim for discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a. But there are several problems with such a claim.

One, the Complaint contains no factual allegations demonstrating any relationship between the events described in the Complaint and McArthur's race. Federal Rule of Civil Procedure Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In this case, the only reference the Complaint makes to race is implied by the list of legal bases on which McArthur brings the claim, Title VII. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The instant complaint does not allege McArthur's race, nor provide any direct evidence indicating that— nor any circumstantial evidence suggesting that— McArthur's race was a factor in the alleged over-pricing scheme. On that basis, McArthur has not provided sufficient allegations to satisfy the Rule 8 standard.

Two, it is not obvious that Nur Market is covered by the statute. Section 2000a prohibits discrimination in certain places of public accommodation, including in facilities principally engaged in selling food for consumption on the premises. 42 U.S.C. § 2000a; *see also Daniel v. Paul*, 395 U.S. 298, 307-08 (1969). Accordingly, courts have excluded retail establishments that do not serve food for on-premises consumption. *See, e.g., Jackson v. Walgreens Co.*, 2016 WL 4212258, at *2 (D. Minn. Aug. 10, 2016) (concluding that a retail pharmacy was not a covered

4

establishment); *Gigliotti v. Wawa Inc.,* 2000 WL 133755, at *2 (E.D. Pa. Feb. 2, 2000) (concluding that a convenience store that was not "principally engaged in selling for consumption on the premises" was not a covered establishment). Here, McArthur merely alleges that Nur Market was a "store," from which I infer without deciding that it is a retail establishment not covered by the statute.

Three, McArthur does not allege that he satisfied the administrative requirements necessary for this Court to have jurisdiction over such a claim. Assuming *arguendo* that Nur Market is a covered establishment, McArthur insufficiently pleads that he satisfied the administrative requirements necessary for this Court to have jurisdiction. Section 2000a-3(c) provides that where a state or local law prohibits a discriminatory practice, "no civil action may be brought . . . before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority. . . ." 42 U.S.C. § 2000a–3(c). Connecticut state law prohibits discrimination in a place of public accommodation on the basis of protected class status. Conn. Gen. Stat. § 46a–64. The State of Connecticut has vested the Connecticut Commission on Human Rights and Opportunities ("CHRO") with the authority to address discrimination on the basis of race in public accommodations, providing for the filing of grievances with the CHRO. Conn. Gen. Stat. § 46a–82. Accordingly, if notice is not provided to the CHRO as required, then this Court will lack jurisdiction over a section 2000a claim. *Chance v. Reed*, 538 F. Supp. 2d 500, 510 (D. Conn. 2008). In other words, for this Court to have jurisdiction over McArthur's claim, he must demonstrate that he gave proper notice before bringing suit.

McArthur does not make the required showing of notice to state or local authorities. For example, McArthur does not allege that he filed a complaint with the CHRO, nor does he append

5

a CHRO complaint or Right to Sue letter with the Complaint in this lawsuit. On that basis, McArthur cannot establish that he gave notice to the appropriate state or local authority, as required for review in this Court. Accordingly, this Court lacks jurisdiction and I must dismiss the claim without prejudice.

In Count Three, McArthur appears to attempt to state a claim for violation of a provision of the Fair Housing Act which provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided and or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Those sections prohibit discrimination in the sale or rental of housing, residential real estate related transactions, and the provision of brokerage services. "Section 3617 prohibits the interference with the exercise of Fair Housing rights only as enumerated in these referenced sections, which define the substantive violations of the Act." *Frazier v. Rominger*, 27 F.3d 828, 834 (2d Cir. 1994). Because McArthur has not alleged that the store clerk interfered with the exercise of rights protected by the Fair Housing Act, that statute is inapposite. Moreover, it is not apparent that he could, because he alleges no facts with any nexus to housing. I dismiss the claim with prejudice.

In Count Four, McArthur asserts that Nur Market violated "customer's rights." "Under the liberal pleading principles established by Rule 8 of the Federal Rules of Civil Procedure, . . . '[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.'" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)). Liberal pleading standards, however, cannot save a cause of action

6

without basis.  Because there is no statutory or common law claim for "customer's rights," that intended cause of action cannot provide a basis on which McArthur can establish federal question jurisdiction or otherwise state a claim.  Granting leave to amend the "customer's rights" claim would be futile because the claim is not cognizable.  I dismiss the claim with prejudice.

In Count Five, McArthur attempts to state a claim arising under "18 U.S. Code Chapter 31 § 656" a section of the United States criminal code that criminalizes certain embezzlement offenses by bank officers or employees.  18 U.S.C. § 656.  No factual allegations pertain to bank officers or employees, so the statute appears to be entirely inapposite.  Moreover, repleading this claim would be futile, because a federal criminal statute does not incorporate a private right of action.  *See Xu v. Neubauer*, 166 F. Supp. 3d 203, 207 (D. Conn. 2015).  Accordingly, I dismiss the claim with prejudice.

McArthur's remaining claims fail to provide a basis for federal question jurisdiction, because they arise under state law.  In Count Two, McArthur pleads a claim of "35-45-2-1," which I construe to state a claim arising under an Indiana statute criminalizing certain acts of intimidation.  *See* Ind. Code Ann. § 35-45-2-1.  To any extent that I might liberally construe the Complaint to raise claims for a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA"), such a claim also arises under state law and cannot provide a basis for federal question jurisdiction.

*Third*, because there are no federal law claims remaining and there is no diversity jurisdiction based on the citizenship of the parties, I decline to exercise supplemental jurisdiction over McArthur's other claims, liberally construed, arising under state law.  See 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media*, LLC, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively

early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

### IV. Conclusion

Accordingly, the complaint is **dismissed.**

To the extent that McArthur's claim arises under Title VII of the Civil Rights Act, the claim is **dismissed with prejudice**. To the extent that McArthur's racial discrimination claim arises under 42 U.S.C. § 2000a, the claim is **dismissed without prejudice** to McArthur's demonstration that he properly complied with notice to the CHRO.

McArthur's claims arising under "codes 3617," "customer's rights," "18 U.S. Code Chapter 31; and "§ 656 theft larceny" are **dismissed with prejudice**.

McArthur's claim arising under "35-45-2-1" is **dismissed without prejudice** for lack of subject matter jurisdiction.

I grant McArthur leave to amend his complaint curing the noted pleading deficiencies within **twenty-one days** of this Order.

If McArthur chooses to file an amended complaint, then I will conduct an initial review pursuant to 28 U.S.C. § 1915 prior to directing service of the amended complaint on the defendant(s). If McArthur fails to amend his complaint within twenty-one days as directed by this order, I shall dismiss the complaint pursuant to 28 U.S.C. § 1915.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge